UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FPALM BEACH DIVISION

DAVID F. DAMERAU   District Court Case: 13-CV-62262-KAM

    Appellant,

vs   Lower Tribunal Case No.: 12-33800-JKO
CHAPTER 7
ADV. Case No.: 13-01246-JKO

FPH PROPERTIES, INC.,

    Appellee.
_____/

## APPELLANT'S MOTION FOR STAY PENDING APPEAL

The Appellant (Debtor/Defendant), DAVID F. DAMERAU, appearing Pro Se, in accordance with Rule 8005, Federal Rules of Bankruptcy Procedure, hereby moves this Honorable Court for a stay of the Bankruptcy Court's Order Granting Summary Judgment and Final Judgment in Favor of Appellee (Plaintiff), [DE 29 and 30] and as grounds therefore would state:

### BACKGROUND

**Procedural History**

1. FPH obtained a judgment against DAMERAU in the Circuit Court of Broward County on September 4, 2012, which Appellant DAMERAU filed a timely appeal at the District Court of Appeal Forth District, Case No. 4D12-342 that is currently at its end stages of the briefing process with the reply brief being filed this week.

2. DAMERAU filed a voluntary petition under Chapter 11 on October 3, 2012, with the case being converted to Chapter 7 on November 28, 2012.

3. FPH filed this adversary proceeding on March 15, 2013 [D.E. 14].

4. On May 3, 2013, FPH filed its Motion for Summary Judgment [DE_], and DAMERAU filed his response and memorandum of law on June 4, 2013 [DE24]. In this Hearing debtor had asked for an evidentiary hearing/trial to state the underlying causes for denial of the Summary Judgment, that motion was denied.

5. On August 7, 2013, this Court entered **(a)** Order Granting Plaintiff's Motion for Summary Judgment [DE. 29] and **(b)** Final Judgment in Favor of Plaintiff [DE 30], in the underlying adversary action.

6. On August 20, 2013, DAMERAU timely filed the instant Notice of Appeal of the foregoing orders [DE 34].

7. The basis for appeal of the Bankruptcy Orders [DE 29 and 30], as filed in this court, are consist of two issues:

    a. whether the Bankruptcy Court erred in determining that the State Court Final Judgment conclusively precluded litigation of FPH's Adversary Complaint for Constructive Trust, on Damerau's Homestead Property, where constructive trust was not plead in the State Court and the State Court Final Judgment did not grant a constructive trust or mention the word "trust" in any way; and there was no tracing of funds of any kind, to Damerau's homestead property in the state court action.

    b. whether the Bankruptcy Court erred in awarding the real property located at 1241 Middle River Drive, Debtors Homestead Property to Appellee FPH Properties, LLC rather than the joint venture company, Fort Lauderdale Homes, LLC.

8. On August 23, 2013, DAMERAU first filed a Motion to Stay in the underlying bankruptcy case [DE 39], which was heard before the Court on September 23, 2013. The

Court conditionally based a stay upon the payment of a bond in the amount of $250,000.00, an unrealistic condition based upon the Bankruptcy Petition establishing Debtor's bankrupt state. See Order entered _____ [DE_]. Debtor asked for an evidentiary hearing to determine what, if any bond amount should be granted since the value of the real property is appreciating in value and would not harm Creditors until the resolution of the 4th DCA Appeal is heard and/or the District Court Appeal is heard as to the Summary Judgment Appeal, that was denied.

9. At the hearing on Debtor's Motion to Stay, heard on September 23, the Court acknowledged it had possibly committed an error for appeal, and agreed the DAMERAU met the first prong in the four-part factor test permitting stays, and he stated,

> "And that may be an error. It may well be that the constructive trust should be in favor of Fort Lauderdale Homes, Inc., rather than FPH Properties. I honestly don't know the answer to that question. But that, from my perspective, is a very reasonable issue to raise on appeal. And, therefore, I think the first prong of the four-part test for whether a stay pending appeal is appropriate is satisfied". See H.T. Pg. 13/Ln 12-19 *marked Exhibit 1)*.

10. The placement of the bond as a condition to the stay by the Bankruptcy Judge rendered it an impossible feat for DAMERAU to obtain the stay due to financial constraints, put on the Debtor do to the Creditor, FPH's actions.

11. DAMERAU requests this District Court grant a stay pending appeal, for the meritorious arguments against the foregoing orders, in order to avoid irreparable harm and the taking of his Homestead, without requiring a bond, or, alternatively, with a reduction in the amount previously imposed by the Bankruptcy Court.

12. The Bankruptcy Trustee has since accepted an offer to sell the subject property, 1241 Middle River, Damerau's Homestead Property, for $1.00 to FPH in the adversary action, as well as any other asset. See Agreement [DE 219-1 at paragraph 7]; and Objection filed

by DAMERAU. [DE 262].

13. The property is the subject of the instant appeal, and, if the proceedings are not stayed, the appeal is under danger of being moot, and to avoid mootness, a stay pending appeal is essential. Notwithstanding, DAMERAU will suffer irreparable harm.

**Relevant Facts**

14. FPH and the Debtor, unconditionally guaranteed the repayment of FPH's principle and interest and $22_{nd}$ Century Properties, LLC entered into an Operating Agreement for the purpose of acquiring, constructing and selling for profit single family homes. The Operating Agreement is silent as to how title to the properties would be held. In addition, among other arguments before the 4th DCA Appeal is that this agreement is a veiled loan agreement with a statutorily illegal interest rate that would render FPH's Judgment unenforceable.

15. Pursuant to the Operating Agreement, $22_{nd}$ Century at different times, presented FPH with three pro forma development budgets for the acquisition and construction of the three parcels of real property.

16. Three separate properties were involved:

    (a) 2413 NE 13th Street (hereinafter ("2413);

    (b) 2505 NE 13th Street (hereinafter ("2505"); and

    (c) 1241 Middle River Drive₁ (hereinafter ("1241").

17. None of the above three properties were ever titled in the name of FPH Properties, LLC or Fort Lauderdale Homes, LLC.

18. The principals of FPH, Menachem Goldstone and Avrohom Oustatcher, provided a total

of $650,000.00 in loans for the combined three projects. FPH, Goldstone and Oustatcher were did nothing else in the Company. FPH, Goldstone and Oustatcher had no risk of loss. The majority of funds came from 22nd Century Properties, LLC and DFD Capital Development Corp.

19. The first two of the three parcels were sold, and the proceeds divided after FPH received a combined return of capital and a usurious amount of interest of 28% per annum. The Last property, Debtors Homestead 1241, was purchased with all of debtors own money, some 7 months and under construction with debtors own funds, prior to any agreement with FPH. The Debtor produced purchasers for the third parcel in order to repay the loan but FPH interfered with those sales, preventing the return of the unsecured loan, on his homestead property, the property described in the Appeal before the District Court.

**Jurisdiction**

20. The Court has jurisdiction of the subject matter and the parties pursuant to 28 U.S.C. Sec. 158 (a) and (c) and Rules 8005 and 8017, Federal Rules of Bankruptcy Procedure.

21. Rule 8017 (c), provides, in pertinent part, that

> "POWER OF COURT OF APPEALS NOT LIMITED. This rule does not limit the power of a court of appeals or any judge thereof to stay proceedings during the pendency of an appeal or to suspend, modify, restore, or grant an injunction during the pendency of an appeal or to make any order appropriate to preserve the status quo or the effectiveness of the judgment subsequently to be entered."

22. Fed. R. Bankr. P., Rule 8005 provides, that

> A motion for a stay of the judgment, order, or decree of a bankruptcy judge, for approval of a supersedeas bond, or for other relief pending appeal must ordinarily be presented to the bankruptcy judge in the first instance. Notwithstanding Rule 7062 but subject to the power of the district court and the bankruptcy appellate panel reserved hereinafter, the bankruptcy judge may suspend or order the continuation of other proceedings in the case under the Code or make any other appropriate order during the pendency of an appeal on such terms as will protect the rights of all parties in interest. A motion for such relief, or for modification or termination of relief granted by a bankruptcy judge, may be made to the district court or the bankruptcy appellate panel, but the motion shall show why the relief, modification, or termination was not obtained from the bankruptcy judge. The

>district court or the bankruptcy appellate panel may condition the relief it grants under this rule on the filing of a bond or other appropriate security with the bankruptcy court.

## LEGAL STANDARD APPLICABLE TO STAY PENDING APPEAL

23. The four-part factor test to obtain a stay pending appeal is well recognized and the movant must show:

    a. whether DAMERAU has made a showing of likelihood of success on the merits of the orders of which appeal is taken;

    b. whether the DAMERAU has made a showing of irreparable injury if the stay is not granted;

    c. whether the granting of the stay would substantially harm the other parties; and

    d. whether the granting of the stay would serve the public interest.

    See *In Re: Bob Hamilton Real Estate, Inc.*, 164 B.R. 703, 705 (Bankr. M.D.Fla. 1994); *In Re: Lickman*, 301 B.R. 739, 742 (Bankr. M.D. Fla. 2003).

24. The requirement of a likelihood of success on the merits means that the movant need only present a substantial case on the merits if the balance of the equities weighs heavily in favor of the granting of a stay. *Hamilton, citing Ruiz v. Estelle*, 650 F.2d 555 (5 Cir. 1981) and *In re: Brumlik*, 132 B.R. 495 (Bankr. M.D.Ga. 1991). A "likelihood of success is shown when the [movant] has raised 'questions going to the merits so serious, substantial, difficult and doubtful as to make them a fair ground for litigation and thus for more deliberate inquiry.' " *Lickman*, at 743 (citations omitted).

25. Rule 8005, Federal Rules of Bankruptcy Procedure, sets forth this procedure to ensure the avoidance of mootness.

## ARGUMENT

26. To claim the benefit of collateral estoppel the party relying on the doctrine must show that: (a) the issue at stake is identical to the one involved in the prior proceeding; (b) the issue was actually litigated in the prior proceeding; (c) the determination of the issue in the prior litigation must have been "a critical and necessary part" of the judgment in the first action; and (d) the party against whom collateral estoppel is asserted must have had a full and fair opportunity to litigate the issue in the prior proceeding. *Pleming v. Universal-Rundle Corp.,*142 F.3d 1354 (C.A.11 1998).

27. The Bankruptcy Court found a constructive trust in favor of FPH. Which was in err based on the Judge Olsons own statements. However, FPH did not plead or prove constructive trust in the State Court. FPH did not seek a tracing of funds in there State Court action. The Second Amended Complaint in the action below (attached to the Declaration of David F. Damerau D.E. 24-1) contains Count I, for Accounting, Count II for Breach of Agreement, Count III for Breach of Fiduciary Duty and Counts IV through VII for Fraud. It contains no count for constructive trust. The ad damnum clauses for the four fraud counts request, "compensatory damages, pre-judgment interest, costs and such additional and further relief as the Court deems just and proper". Counts II and III request the same plus punitive damages. Count I requests an accounting of "all sums determined by such accounting to be due and owing to FPH". The Circuit Court did not find for an Accounting for FPH. At no point does FPH demand a tracing of funds into the 1241 Middle River Drive Property or a demand for turnover of the property. To the contrary, FPH at all times sought to have the property transferred to Fort Lauderdale

Homes to be sold and the proceeds divided per the Operating Agreement. In Paragraph 59 of FPH's Motion for Summary Judgment (D.E. 14) it claims an entitlement only to "$400,000.00 for capital applied to the Real Property, of which was objected to by Debtor as to the amount [1241 Middle River Drive] and $454,616.07 for profits retained by DAMERAU through his failure to sell the property". These "Profits" are based on an apprasel only, an no sales. That amount represents one-half of the claimed speculative "profit".

28. "The reason for imposing a constructive trust is to avoid unjust enrichment to the recipient of the windfall, and to do equity for the party whose property has been misused. But a desire to do equity alone is not enough. The essence of the equitable remedy of imposing a constructive trust, as opposed to the legal remedy of damages, is the concept that the very property in question can be returned to its rightful owner. The law gradually broadened so that the proceeds of the original property may be pursued, but the basic requirement of *tracing* the original property, albeit in its various forms, remains an element of proof for constructive trusts". *In re; Financial Federated Title and Trust, Inc.,* 347 F.3d 880, 891 (11th Cir. 2003). (emphasis supplied). In *Financial Federal* Judge Ray found, and the Eleventh Circuit affirmed, "it is the burden of the party seeking to impress a constructive trust to trace the property to specific funds before it can prevail". FPH has never plead nor prove tracing of funds into debtors homestead of 1241 Middle River Drive in either the State Court or the Bankruptcy Court. The Adversary Complaint sought to impose a constructive trust but that issue is not identical to the one involved in the prior proceeding and was not actually litigated. Summary judgment, therefore, was inappropriate.

29. Further, the Bankruptcy Court awarded the subject real property in its entirety to FPH

Properties, LLC when that result was never requested nor intended. The Operating Agreement between FPH and 22nd Century Properties, with DAMERAU, with only limited liabilities under the agreement, created a joint venture entity known as Fort Lauderdale Homes, LLC. Although the Operating Agreement is silent as to title to the properties, FPH did take the position that title to 1241 Middle River Drive should have been in the name of Fort Lauderdale Homes. It has never contended that title should have been taken in the name of FPH. In fact, the Bankruptcy Court, later, thoughtfully and post entry of its Order granting Summary Judgment and Final Judgment [DE 29, 30], at the pre-requisite hearing on the Motion to Stay Pending Appeal before it, stated,

> "The thing I'm concerned about, that I might have gotten wrong in the order I entered, was determining that the property was held by Mr. Damerau, constructive trust for FPH Properties. And it may well be the case that I screwed that up misinterpreting the state court's order, that the property should have been found by me to be held in trust for Fort Lauderdale Homes." (See Hearing Transcript, Pg. 12/Ln. 7-10, *Exhibit 2)*.

30. Additionally, in Paragraph 21 of the Second Amended Complaint in the State Court action FPH stated, "22nd Century and Damerau acquired the 1241 Property in Damerau's name on June 8, 2002, prior to the execution of the Agreement; however, upon FPH's approval of the 1241 pro forma, 22nd Century and Damerau failed to transfer title of 1241 to *the Company* (emphasis supplied). Paragraph 10 defines "the Company" as Fort Lauderdale Homes, LLC.

31. The State Court was also referring to Fort Lauderdale Homes when it stated in the Final Judgment, "1241 has never been transferred to *the Company*" (emphasis supplied).

32. However, when this Bankruptcy Court found that 1241 Middle River Drive "is company property" it was referring to FPH, not Fort Lauderdale Homes, and in fact awarded the property to FPH.

33. FPH was only 50% owner of Fort Lauderdale Homes. An award of 100% of the subject property to FPH in trust was never requested by FPH and never awarded by the State Court.

34. Under Florida law, any challenge to the homestead exemption claim places a burden on the objecting party to make a strong showing that the debtor is not entitled to the claimed exemption. *In re Edwards*, Bkrtcy.M.D.Fla.2006, 356 B.R. 807. The Homestead Exemption is to be liberally construed. Tramel v. Stewart, 697 So.2d 821, 824 (Fla.1997). FPH, therefore, bears a substantial burden to take the DAMERAU's homestead.

## CONCLUSION

35. There was no evidence to support an award of the property to FPH and there is a strong likelihood the Appellant DAMERAU will be successful in appealing the Order Granting Summary Judgment.

36. The granting of a stay will not unduly prejudice FPH as the real property will retain its value pending appeal if not increase in value.

37. . The Bankruptcy Court indeed required DAMERAU to maintain insurance on the home, and to continue with maintenance and make repairs as needed, which will be complied with, for which this Court may also place such a condition. Further, the Bankruptcy Court entered an order permitting FPH access to the premises every seven days for its inspection of the Debtors Homestead.[DE 252], and may also be a condition of stay pending appeal.

38. The granting of the stay would promote the public interest because it would allow the DAMERAU and his family to remain in their home pending appeal and not become a potential burden on the State. The homestead protection is also a basic property right protected by the Florida Constitution and such protections are reasonably necessary to

secure the health, safety, good order, and general welfare of the public. *Tramel v. Stewart,* 697 So2d 821 (Fla. 1997).

39. DAMERAU will suffer irreparable harm if required to surrender his home. DAMERAU will also be irreparably damaged if FPH is permitted to sell the home pending appeal, which is in imminent danger. In the event the Order is reversed on appeal the Appellant DAMERAU will not be able to recover his property. Nonetheless, if the Bankruptcy court sells the home prior, during the pendency of this appeal, it endangers a mootness to the instant appeal.

40. The Bankruptcy Judge agreed there was an appealable issue, and awarded DAMERAU a stay, but placed the unlikely condition of a $250,000 bond that would not be met by DAMERAU, and DAMERAU requests a stay pending appeal but that would include omitting a burdensome and unattainable bond, or, alternatively, reduce such bond amount.

41. Accordingly, the DAMERAU believes that he will likely be successful on appeal, and that the four-point factor test to grant such a stay has been meet, and that a stay is required to avoid the imminent mootness of the appeal and permitting the a status quo to be maintained.

WHEREFORE, the Appellant DAMERAU requests this Court grant a stay of the Order Granting Summary Judgment and the Court's Final Judgment in Favor of Plaintiff FHP entered in the Bankruptcy Court until completion of the appeal in this case.

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that I that a true copy of the above document was filed and served by mail and/or email to attached service list to all parties of interest on this 30th day of October, 2013.

David Damerau, pro se
1241 Middle River Drive
Fort Lauderdale, FL 33304
Email: dfdcapitaldevelopment@gmail.com
Phone: 954-868-5235

David Damerau

## SERVICE LIST

**District Court Case No: 13-622622**

Christian A. Petersen
OLIVE & ASSOCIATES P.A.
2438 East Las Olas Boulevard
Fort Lauderdale, FL 33301
christian@olive-law.com

Leslie S Osborne
osbornetrustee@kennethrappaportlawoffice.com,
lso@trustesolutions.com;lo@trustesolutions.net

Jordan L Rappaport on behalf of Trustee Leslie Osborne
rappaport@kennethrappaportlawoffice.com

Zana Michelle Scarlett on behalf of U.S. Trustee Office of the US Trustee
Zana.M.Scarlett@usdoj.gov

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FPALM BEACH DIVISION

DAVID F. DAMERAU                    District Court Case: 13-CV-62262-KAM

Appellant,

vs                                  Lower Tribunal Case No.: 12-33800-JKO
                                    CHAPTER 7
                                    ADV. Case No.: 13-01246-JKO

FPH PROPERTIES, INC.,

Appellee.

_____/

## APPELLANT'S INDEX TO MOTION FOR STAY PENDING APPEAL

The Appellant (Debtor/Defendant), DAVID F. DAMERAU, appearing Pro Se, hereby files his Index in Support of Motion to Stay Pending Appeal as follows:

1. Exhibit 1 – Hearing Transcript of Motion for Stay Pending Appeal – pg. 13/ln. 12-19;

    and

2. Exhibit 2 – Hearing Transcript of Motion for Stay Pending Appeal – pg. 12/ln. 7-8.

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that I that a true copy of the above document was filed and served by mail and/or email to attached service list to all parties of interest on this 30th day of October, 2013.

David Damerau, pro se
1241 Middle River Drive
Fort Lauderdale, FL 33304
Email: dfdcapitaldevelopment@gmail.com
Phone: 954-868-5235

**District Court Case No: 13-622622**

## SERVICE LIST

Christian A. Petersen
OLIVE & ASSOCIATES P.A.
2438 East Las Olas Boulevard
Fort Lauderdale, FL 33301
christian@olive-law.com

Leslie S Osborne
osbornetrustee@kennethrappaportlawoffice.com,
lso@trustesolutions.com;lo@trustesolutions.net

Jordan L Rappaport on behalf of Trustee Leslie Osborne
rappaport@kennethrappaportlawoffice.com

Zana Michelle Scarlett on behalf of U.S. Trustee Office of the US Trustee
Zana.M.Scarlett@usdoj.gov

```
 1              THE COURT:  Go ahead.
 2              MR. LANGLEY:  On the irreparable injury
 3   issue, I mean, I think that's pretty clear.  Mr. Damerau
 4   is at risk of losing his home.
 5              THE COURT:  Well, let's talk about that for a
 6   moment.
 7              The thing I'm concerned about, that I might
 8   have gotten wrong in the order I entered, was determining
 9   that the property was held by Mr. Damerau, constructive
10   trust for FPH Properties.  And it may well be the case
11   that I screwed that up misinterpreting the state court's
12   order, that the property should have been found by me to
13   be held in trust for Fort Lauderdale Homes.  In either
14   event, I don't understand the homestead claim at all.
15              MR. LANGLEY:  Well, Judge, our main issue on
16   appeal is we don't believe it was appropriate to find a
17   constructive trust on summary judgment, because that
18   wasn't pled in the state court.  We attached the
19   complaint to the declaration of Mr. Damerau that was
20   attached to our response to the motion for summary
21   judgment.  In the state court they pled breach of
22   contract, breach of fiduciary duty and fraud.  There was
23   no claim for constructive trust, and there was no finding
24   by the ---
25              THE COURT:  But constructive trust is a
```

Page 13

1  remedy.
2              MR. LANGLEY: Yes. But in the Financial
3  Federated case that we cited to, Judge Ray states -- and
4  his opinion was adopted by the Eleventh Circuit -- and
5  the Eleventh Circuit states there's got to be some
6  tracing. I suggest to Your Honor that there was no
7  tracing attempted in the state court, and we put on no
8  evidence in the Bankruptcy Court. So our issue is we
9  believe the constructive trust was inappropriate. The
10 constructive trust awards everything, the entire property
11 to one creditor.
12             THE COURT: And that may be an error. It may
13 well be that the constructive trust should be in favor of
14 Fort Lauderdale Homes, Inc., rather than FPH Properties.
15 I honestly don't know the answer to that question. But
16 that, from my perspective, is a very reasonable issue to
17 raise on appeal. And, therefore, I think the first prong
18 of the four-part test for whether a stay pending appeal
19 is appropriate is satisfied.
20             The only question in my mind at this moment
21 with respect to the motion for stay pending appeal is
22 whether I should require a bond. And I'm going to
23 conclude that a bond is appropriate, and that a bond in
24 the amount of $250,000 will be required, and so I will
25 grant the motion for stay pending appeal, conditioned