UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 13-62262-CIV-MARRA

DAVID F. DAMERAU,

      Appellant,

v.

FPH PROPERTIES, LLC,

      Appellee.

_____/

### ORDER DENYING MOTION FOR STAY PENDING APPEAL

THIS CAUSE is before the Court upon Appellant's Motion for Stay Pending Appeal [DE 5], and Appellant's Emergency Motion to Direct Lower Court to Relinquish Jurisdiction as of August 20, 2013 Notice of Appeal [DE 16]. The former is ripe for the Court's review. In light of the Court's ruling below, the latter is moot, and, therefore, there is no need for the Court to wait for responding papers relative thereto. The Court has reviewed all papers submitted in connection with the Motions, the entire file, and is otherwise duly advised in the premises.

Rule 8005 of the Federal Rules of Bankruptcy Procedure provides, in relevant part,

> A motion for a stay of the judgment, order, or decree of a bankruptcy judge, for approval of a supersedeas bond, or for other relief pending appeal must ordinarily be presented to the bankruptcy judge in the first instance. Notwithstanding Rule 7062 but subject to the power of the district court and the bankruptcy appellate panel reserved hereinafter, the bankruptcy judge may suspend or order the continuation of other proceedings in the case under the Code or make any other appropriate order during the pendency of an appeal on such terms as will protect the rights of all parties in interest. A motion for such relief, or for modification or termination of relief granted by a bankruptcy judge, may be made to the district court or the bankruptcy appellate panel, but the motion shall show why the relief, modification, or termination was not obtained from the bankruptcy judge. The

1

district court or the bankruptcy appellate panel may condition the relief it grants under this rule on the filing of a bond or other appropriate security with the bankruptcy court.

As to the instant appeal, Appellant sought and received a stay from the bankruptcy judge, conditioned upon his posting a bond in the amount of $250,000 [DE 8-1 at 7-8].  Appellant now asks this Court to stay the bankruptcy court's order granting summary judgment and final judgment in favor of Appellee without requiring a bond, or reducing the bond required by the bankruptcy court [DE 5 at 3].  This Court, having reviewed the file, finds that the bankruptcy judge's requirement for the posting of a bond in the amount of $250,000 was reasonable in light of the representation by the debtor in his schedules that the property was worth $1.6 million dollars [DE 8-1 at 5].  Appellant having failed to post the bond required by the bankruptcy court, this Court declines to grant Appellant's request.

Appellant's Emergency Motion argues that upon the filing of his appeal to this Court, the bankruptcy court was divested of jurisdiction and could not issue orders relative to the enforcement of the judgment issued by the bankruptcy court.  The bankruptcy court having entered orders in furtherance of the enforcement of the judgment, Appellant asks this Court to vacate the bankruptcy court's enforcement orders and demand that the bankruptcy court relinquish jurisdiction.  Appellant also asks the Court to rule on his Motion to Stay.

Appellant's Emergency Motion essentially seeks a stay of the enforcement of the judgment during the pendency of this appeal.  In the absence of a stay, Appellee has the right to levy on its judgment, and the bankruptcy court has jurisdiction to enter orders in furtherance of its judgment.  Since this Court has declined to enter a stay, Appellant's Emergency Motion is moot.

Accordingly, it is hereby

**ORDERED AND ADJUDGED** that Appellant's Motion for Stay Pending Appeal **[DE 5]** is **DENIED**.  Appellant's Emergency Motion to Direct Lower Court to Relinquish Jurisdiction as of August 20, 2013 Notice of Appeal **[DE 16]** is **DENIED AS MOOT**.

**DONE AND ORDERED** in Chambers at West Palm Beach, Palm Beach County, Florida, this 6th day of December, 2013.

_____

KENNETH A. MARRA
United States District Judge